

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

FILED

MAY -8 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Daniel McDuffie,**
    **Plaintiff,**

**v.**

**City of Chicago's
Department of Administrative Hearings,**
    **Defendants,**

1:18-cv-03281
Judge Charles R. Norgle, Sr
Magistrate Judge Jeffrey T. Gilbert

**COMPLAINT AT LAW SOUNDING IN
TITLE 42 UNITED STATES CODE, SECTION 1983
AND COMMON LAW TORT OF CONVERSION**

    NOW COMES the Plaintiff Daniel McDuffie, pro se litigant, and hereby complains of the behavior of Defendant City of Chicago's Department of Administrative Hearing *[hereafter, DOAH]* in that said Defendant has continually declined to provide him with the release slip necessary to effect the release of his automobile, a Mustang 2006, from police impoundment.

    McDuffie has visited 400 West Superior, Chicago, Illinois, DOAH's principal location, on numerous occasions in an effort to obtain the release slip required to affect the release of his vehicle from police impoundment. Notwithstanding McDuffie's adherence to obtaining and presenting the documentation DOAH states it requires to issue the release slip, DOAH has since March 3, 2018, declined to issue the necessary release slip. *[See attached documentation required by DOAH]*

    On April 25th, 2018, McDuffie faxed to DOAH a demand letter requesting the release of his vehicle. *[See attached Demand Letter]*

To date, DOAH has continually refused to release said vehicle citing that McDuffie has failed to present the required documentation even though he has presented the required documentation.
*[See attached DOAH required documentation]*

## CAUSES OF ACTION, AMOUNT IN CONTROVERSY AND JURISDICTIONAL STATEMENT

McDuffie's causes of action sounds in 42 United States Code, Section 1983, and the Common Law Tort of Conversion. The District Court has jurisdiction over claims sounding in 42 United States Code, Section 1983; and federal question [Title 28 United States Code 1331] regarding, in this instance, an issue concerning the effect and scope of the 4th Amendment's prohibition against unreasonable seizures perpetrated by a local governmental entity, the City of Chicago; and can hear state causes of action pursuant to the District Court's Supplemental Jurisdiction under Title 28 United States Code Section 1367. McDuffie seeks damages in the amount of $150,000.00 relative to the Section 1983 Claim and $150,000.00 relative to the Tort of Conversion.

## *THE PARTIES*

*Plaintiff Daniel McDuffie is located at 1139 West Vermont, Calumet Park, Illinois 60827 and is a resident of the State of Illinois and Cook County.*

*City of Chicago Corporation Counsel represents the Department of Administrative Hearings 30 North LaSalle, Suite 700, Chicago, Illinois 60602.*

## *STATEMENT OF FACTS*

*[1] On March 3, 2018, McDuffie was driving his 2006 Mustang in the vicinity of 11338 South Wentworth Street, Chicago. McDuffie was pulled over by the Chicago Police for not having his headlights on. After pulling him over, the police ran a check on the temporary tag and presumptively alleged that the tag was not assigned to the Mustang.*

-2-
*[2] Pursuant to the City of Chicago Municipal Code Section 9-80-220*

*Altered Temp Tag, the police towed McDuffie's vehicle to the police pound # 2 at 10301 South Doty Avenue, Chicago, Illinois, Inventory number 2845070 [773/568/8495] .Vehicle Identification 1ZVFT80N665154281*

*[3] McDuffie filed a Request for Hearing pursuant to Section 2-14-132(J) of the Municipal Code of Chicago to contest the impoundment of the aforementioned vehicle.*

*[4] On April 5th, 2018, the City of Chicago moved to non-suit, no storage or tow fees and no sanctions. [See attached Findings,Decisions & Order dated April 5th, 2018]*

*[5] McDuffie presented the written administrative decision to a section at the DOAH location at 400 West Superior that issues the "receipt to redeem" required to affect the release of his impounded vehicle.*

*[6] The DOAH agent refused to issue the "receipt to redeem" notwithstanding the written decision of the administrative hearing officer and advised McDuffie that he needed to provide them with 2 Affidavits, that is, obtain an affidavit from the previous owner and submit McDuffie own affidavit.*

*[7] McDuffie obtained the requested affidavits and presented them to the DOAH agent at 400 West Superior. After examining the aforesaid affidavits, the agent told him that he believed that the affidavits were false or fraudulent; and required him to obtain different affidavits that are legitimate. [See attached Affidavits]*

*[8] Moreover, the agent required McDuffie to obtain Title Information and History of the vehicle. McDuffie obtained the requested documentation and returned to 400 West Superior and presented the requested documentation to the DOAH agent. Again the agent was not satisfied with the documentation and declined to issue the "receipt to redeem" McDuffie's vehicle. [See attached Title Information and History documentation and an official letter from the Office of the Secretary of State]*

-2-

*[9] McDuffie has attached the following documents in support his*

*cause(s) of action:*

> *Certificate of Title of Vehicle*
> *Owner Notification of Impoundment of Vehicle*
> *Request for Hearing*
> *Fax Transmittal Sheet*
> *McDuffie's Hand Written Letter to Secretary of State*
> *Secretary of State Information Request Form*

*[10] McDuffie argues that it is the policy and practice of the City of Chicago via its subsidiary the Department of Administrative of Hearings to circumvent the release of citizens' impounded vehicle by requiring documentation that is difficult to impossible to obtain; then when the citizen brings the requested documentation, DOAH representative unilaterally decides that the presented documentation is false, invalid, or otherwise and then require that the citizen bring additional or other arguably irrelevant documentation; and then exploiting the timeline it took for an affected citizen to obtain the requested documentation to run up a high storage bill.*

*[11] McDuffie has been to the DOAH at least 7 times in an effort to obtain the "receipt to redeem," so he can obtain his vehicle. Each of the 7 times was to bring documentation the DOAH had required McDuffie to obtain, at each of the prior visits, in order for them to issue the "receipt to redeem."*

*[12] McDuffie also spoke with the Corporation Counsel and forwarded to the Corporation Counsel all documentation pertaining to the initial police impoundment of the Mustang; the administrative decision of City non-suit; copies of the documentation, including affidavits, that the DOAH required McDuffie to bring to obtain the "receipt to redeem," as well other documents and personal letter(s) sent by McDuffie.*

*[13] On April 25th, 2018, McDuffie served the City with a demand for the release of his Mustang. The City has never responded to the demand letter.*

*-4-*
*COUNT I*

*VIOLATION OF TITLE 42 UNITED STATES CODE*
*SECTION 1983*
*Violation of the 4th Amendment Right Prohibiting*
*Unreasonable Searches and Seizures*
*Violation of Procedural and Substantive Due Process*

*[14] McDuffie incorporates by reference paragraphs 1 through 13.*

*[15] Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceedings for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

*[a] Municipalities and local governments are persons subject to suit for damages and prospective relief. Monell v. Dept. of Social Services of New York, 436 U.S. 658, 701 (1978).*

*[b] Section 1983 does not impose a state of mind requirement independent of the underlying basis for liability, Parratt v. Taylor, 451 U.S. 527 (1981)overruled in part, Daniels v. Williams, 474 U.S. 327 (1986) but there must be a casual connection between the defendant's actions and the harm that results. Mt. Healthy City School Dist. Bd. Of Educ. V. Doyle, 429 U.S. 274, 285-87 (1977)*

*[c] In order to hold a local government liable under section 1983, the Supreme Court has interpreted this causation element to require that the harm be the result of action on the part of the government entity that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or the result of the entity's policy or custom.*

-5-

*[d] Further, the entity's policy or custom must have been the "moving*

*force" behind the alleged deprivation. This custom or policy requirement is a dramatic departure from the rule of respondeat superior that prevails in many common law actions.*

*[e] A local government is said to have an unconstitutional policy when it fails to train its employees, and the failure to train amounts to deliberate indifference to an obvious need for such training, and the failure to train will likely result in the employee making a wrong decision. [City of Canton v. Harris, 489 U.S. 378 (1989); Gold v. City of Miami, 1998 WL 54803 (11th Cir.. 1998); Sewell v. Town of Lake Hamilton, 117 F.3d 488 (11th. Cir. 1997).*

*[f] An unconstitutional policy may also exist if an isolated action of a government employee is dictated by a "final policymaker," or if the authorized policymaker approves a subordinate's decision and the basis for it. [City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) However, merely going along with the discretionary decisions made by subordinates is not a delegation to them of the authority to make policy.*

*[16] Where McDuffie states that he visited the DOAH at least 7 times speaking and complaining to agents in the division that issues the "receipt to redeem," and DOAH attorneys and representatives about their agents refusing to issue the "receipt to redeem," even though the alleged municipal code violation, 9-80-220 Altered Tem Tag, that initiated the impoundment was non-suited by the City; and that he presented to the City of Chicago his complaint regarding DOAH's refusal to issue the "receipt to redeem," so that he could retrieve his vehicle from police impoundment-these allegations satisfy and meet the essential elements of establishing a prima facie case of an unconstitutional policy whose end is to deprive McDuffie of his property [Mustang].*

*[17] Moreover, included among the DOAH agents McDuffie spoke with were supervisors, DOAH attorneys, etc., who all claimed they could offer him no advise except to file a complaint or grievance with the City which McDuffie did; the Corporation Counsel also stated that he could do nothing to help McDuffie.*

-6-

*[18] The section or division of DOAH that issues the "receipt to*

redeem," an impounded vehicle always has a extremely long line of at least 70 or 80 people; and the wait time averages approximately two (2) hours and is an exercise in torture. Almost, inevitably you will hear the same complaints and routine responses:

"citizen: my car is impounded, the administrative body has non-suited the reason for the impoundment, and I have with me the documents you required me to bring."

"DOAH: these documents look fraudulent, questionable, does not contain the information we are looking for, are false, etc. You need to bring documentation of the last owner, etc.."

[19] McDuffie states that during the 7 or more times he visited the DOAH there was always at least a 2 hour minimum wait before he could even speak to a representative; and the repetitiveness of the DOAH agent's response to documents the agent had required McDuffie to bring, gave the effect of a merry-go-round in the sense that DOAH requires you to obtain documents that may have restricted access, and once you obtain the requested documents the DOAH then employs one of the following responses:

"These are not the documents we requested that you bring or the documents look like a forgery, false, or otherwise illegal"

"We need affidavits from you and the previous owner or the affidavits you have provided look fraudulent. You need to get the affidavits done again."

[20] Hence, the merry-go-round analogy simply shows that obtaining the correct documentation can never be accomplished because like the horse in front of you, you will be unable to reach it because it is always ahead of you.

[21] The point is that the legal separation of the city-non-suit from the issue of whether to issue the "receipt to redeem," creates a bi-furcated challenge whose objective is to create a policy and practice that implements extremely difficult obstacles to the release of citizen's vehicle.

-7-

[22] Based on observation and belief, McDuffie states that the

*preceding policy and practice allegations are condoned, and encouraged by the Corporation Counsel and other upper-level City managerial staff. For example, McDuffie provided the Corporation Counsel with all available documents regarding the continuing police impoundment of the Mustang.*

*Examination of those documents provide no rationale for the continuing impoundment of the Mustang. In other words, the sequence of allegations of fact indicate that at least 7 times McDuffie has visited the DOAH armed with documents previously requested by DOAH, and 7 times the DOAH has declined to issue the "receipt to redeem" because of some of the previously delineated reasons.*

*[23] The City's continuing police impoundment of the Mustang, even after McDuffie has obtained and presented the documents DOAH required in order to issue the "receipt to redeem," violates the due process clause's prohibition against deprivation of property absent due process protections.*

*[24] The City's continuing police impoundment of the Mustang, even after McDuffie has obtained and presented the documents DOAH required in order to issue the "receipt to redeem," violates McDuffie's 4th Amendment to be free from "unreasonable" searches and seizures.*

*WHEREFORE, McDuffie respectfully request $150,000.00 in damages for the violation of his 4th Amendment right to be free from unreasonable searches and seizures and the substantive due process right prohibiting the deprivation of property absent due process.*

### COUNT II
### COMMON LAW TORT OF CONVERSION

*[25] ] McDuffie incorporates by reference paragraphs 1 through 13.*

*[26] The elements of Common Law Conversion are:*

*The plaintiff's ownership or right to possession of the property;*

*[27] McDuffie states that the following named documents were presented to DOAH and said documents satisfy and met the above required ownership or right to possession element of Conversion:*

*Affidavits by the previous owner and McDuffie          Exhibit A*
*Certificate of Title of a Vehicle                    Exhibit B*
*2019 Illinois Registration Identification Card          Exhibit C*
*April 5th, 2018 Findings, Decision & Order [DOAH]     Exhibit D*
*McDuffie Letter to Secretary of State               Exhibit E*
*dated April 12th, 2018*
*Secretary of State Information Request Form and       Exhibit F*
*Fax Transmittal Sheet*
*Letter from Secretary of State dated April 19th, 2018     Exhibit G*
*And Title Information*

*The defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and Damages. Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery) 317 F.3d 1064 (9th Cir. Cal. 2003)*

*[28] McDuffie concedes that it is arguable, but not dispositive on the issue of the initial impoundment, that the City, pursuant to the municipal code, had the legal authority to enforce Section 9-80-220 Altered Temp Tag. Notwithstanding the fact that whether the City's initial seizure was legal is a germane inquiry, the more substantive question or argument is whether after the April 5th, 2018, city non-suit, DOAH had any legal justification for maintaining dominion and control over McDuffie's personal property [2006 Mustang] based on the aforementioned Section 9-80-220 claim that was dismissed on April 5th, 2018.*

*A person not in lawful possession of a chattel (non real property) may commit conversion by, among other things, refusing to surrender a chattel on demand to a person entitled to lawful possession. Baram v. Farugia, 606 F.2d 42 (3d Cir. Pa. 1979).*

*A conversion is usually proved in one of three ways:*

*By tortuous taking;*

*By any use or appropriation of the use of the person in possession, indicating a claim of right in opposition to rights of the owner; or*

*Refusal to give up possession to the owner on demand. Litzinger v. Estate of Litzinger (In re Litzinger), 340 B.R. 897 (B.A.P. 8th Cir. 2006)*

*Since April 5th, 2018, the day of the administrative finding of city-non suit, McDuffie has visited DOAH at least 7 times in an effort to obtain the "receipt to redeem." In addition, the numerous verbal and written requests for the "receipt to redeem" and DOAH's continuing exercise of dominion and control over the Mustang, in spite of the fact that McDuffie produced every document DOAH agents requested, clearly satisfies and meets the element of demand for return of the personal property.*

*PLAINTIFF DEMANDS A JURY TRIAL.*

*WHEREFORE, McDuffie respectfully request $150,000.00 in damages.*

*Respectfully Submitted,*

_____

*Daniel McDuffie*
*1139 West Vermont*
*Calumet Park, Illinois 60827*
*773/220/0715*

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. 1ZVFT80N665154281 | MAKE FORD | MODEL MUSTANG | BODY STYLE COUPE | TITLE NO. 18081692790 |

| DATE ISSUED 03/22/18 | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED 03/05/18 USED | TYPE TITLE ORIGINAL |

**MAILING ADDRESS**

DANIEL MCDUFFIE
1139 W VERMONT AVE
CALUMET PARK IL 60827-6520

**LEGEND(S)**

MILEAGE NOT REQUIRED

** REBUILT **

*Exhibit*
*— A*

**OWNER(S) NAME AND ADDRESS**
DANIEL MCDUFFIE
1139 W VERMONT AVE
CALUMET PARK IL 60827-6520

**FIRST LIENHOLDER NAME AND ADDRESS**

**SECOND LIENHOLDER NAME AND ADDRESS**

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____

Firm Name _____ By _____ Signature of Authorized _____

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.
Secured Party: _____ Address: _____

**ASSIGNMENT OF TITLE**

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following person or firm name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY.

*If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

ODOMETER READING ☐ NO TENTHS
Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) _____
I am aware of the above odometer certification made by seller. DATE OF SALE _____
Signature(s) of Buyer(s) _____

_____ Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO. Q1797473

*Jesse White*
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

MUST BE COMPLETED BY SELLER
DO NOT DETACH UNTIL SOLD

CHICAGO/DEPARTMENT OF STREETS AND SANITATION       Date: March 12, 2018
BUREAU OF TRAFFIC SERVICES



| AUTO POUND: | INVENTORY NO: |
|---|---|
| **POUND #2** | **2845070** |
| POUND LOCATION: | MAKE OF VEHICLE: |
| **10301 S. Doty Av.** | **Ford** |
| POUND HOURS: | DATE TOWED: |
| **24 Hours** | **MAR 03 2018** |
| POUND PHONE NO: | SR NUMBER: |
| **(773) 568-8495** | **18-00853638** |

*Exhibit —B*

## Owner Notification

Owner of Record

DANIEL MCDUFFIE
9615 S BELL AVE
CHICAGO, IL 60643-1626

Vehicle Identification: **1ZVFT80N665154281**
Yr: **2006**; Color: **Black**; Body Style: **Sedan 2 Door**
Lic Plate No: **;** State: **Illinois**; Mo/Yr: **01/2018**

You are hereby advised that a motor vehicle titled (or leased) in your name was impounded by the City of Chicago on MAR 03 2018 under authority granted by the Municipal Code of Chicago, section(s):

**9-80-220 Altered Temp Tag**

An impounded vehicle may be immediately released upon payment of a $500.00 administrative penalty; ($1,000.00 if the impoundment was for violation of 3-56-155, 8-4-130, 9-12-090, 9-80-220, or 9-80-240; not less than $150.00 and not more than $1500.00 if the impoundment was for violation of 10-8-480(c); not less than $500.00 and not more than $750.00 if impoundment was for violation of section 9-76-145 or 9-32-040; $2,000.00 if the impoundment was for violation of section 7-24-225, 7-24-226, 8-8-060, or 8-20-070; not less than $1,500.00 and not more than $3,000.00 if the impoundment was for violation of 9-80-225; $3,000.00 if the impoundment was for violation of section 7-24-225, 7-24-226, 8-8-060, or 8-20-070 that took place within 500 feet of the boundary line of a public park or elementary or secondary school) plus applicable towing and storage fees. The term "impounded vehicle" also includes a vehicle that was determined to be subject to impoundment because of a code violation and that had a notice affixed to the window warning that the vehicle is subject to impoundment, regardless of whether the vehicle was actually towed to a city facility. The owner (title holder or lessee) may secure the release of the vehicle by paying the appropriate penalty and fees by cash, credit card, or certified/cashier's check in person at the Central Hearing Facility, 400 W. Superior between the hours of 8:30am-4:30pm Monday through Friday and Saturdays 8:30am-3:30pm (closed Sundays and legal holidays). The owner (title holder or lessee) can claim the vehicle at the pound location listed above by presenting proof of ownership and a release order receipt. A lien holder (or lessor) may obtain possession of the impounded vehicle upon payment of applicable towing and storage fees and submission of required documents. Lien holders (or lessors) may obtain additional information by calling (312) 742-6121.

PRELIMINARY HEARING: The owner of record (title holder or lessee) of the impounded vehicle may request a preliminary impoundment hearing to determine whether there is probable cause for continued impoundment. A request for preliminary hearing must be made within 15 days of the impoundment at the Central Hearing Facility, 400 West Superior Street, between 9:00 am - 3:30 pm Monday through Friday (closed Saturday, Sunday and legal holidays).

PLEASE TAKE NOTICE that pursuant to the Municipal Code of Chicago, you may contest this charge by filing a written request for a FULL HEARING before the Department of Administrative Hearings within fifteen (15) days of the date this notice was mailed. The enclosed Request for Hearing form may be submitted by mail or in person to the Department of Administrative Hearings, 740 N. Sedgwick, 2nd Floor, Chicago, IL 60654. If you have any questions please call (312) 742-6121.

The full hearing will determine whether you are liable to the City of Chicago for an administrative penalty plus towing and storage fees. You may be represented by counsel and may produce witnesses and introduce evidence on your behalf at the hearing.

If you fail to file a timely request for a full hearing or if you request a hearing but fail to appear at the scheduled hearing, a default finding of liability will be entered against you in the amount of the administrative penalty plus towing and storage fees, if applicable. If you have paid to redeem your vehicle and do not appear at a scheduled hearing, a default finding of liability will be entered in the amount paid to redeem the vehicle. If the administrative penalty and other fees are not paid in full within ten (10) days after the expiration of the time within which judicial review of the finding of liability may be sought, YOUR VEHICLE MAY BE DEEMED UNCLAIMED AND THE VEHICLE AND ITS CONTENTS MAY BE DISPOSED OF BY THE CITY.

If you are not the current owner of the vehicle because you sold, disposed of, or donated the vehicle, please call (312) 742-8422 for further assistance.

DEPUTY COMMISSIONER
BUREAU OF TRAFFIC SERVICES
312-746-4954 (TDD: 312-744-2971)

CITY OF CHICAGO/DEPARTMENT OF STREETS AND SANITATION     Date: March 12, 2018
BUREAU OF TRAFFIC SERVICES



| AUTO POUND: | INVENTORY NO: |
|---|---|
| **POUND #2** | **2845070** |
| POUND LOCATION: | MAKE OF VEHICLE: |
| **10301 S. Doty Av.** | **Ford** |
| POUND HOURS: | DATE TOWED: |
| **24 Hours** | **MAR 03 2018** |
| POUND PHONE NO: | SR NUMBER: |
| **(773) 568-8495** | **18-00853638** |

## Request for Hearing

Owner of Record

DANIEL MCDUFFIE
9615 S BELL AVE
CHICAGO, IL 60643-1626

Vehicle Identification: **1ZVFT80N665154281**
Yr: **2006**; Color: **Black**; Body Style: **Sedan 2 Door**
Lic Plate No: **;** State: **Illinois**; Mo/Yr: **01/2018**

Reason(s) for Impoundment:  9-80-220 Altered Temp Tag

The undersigned owner of record (or lessee), pursuant to Section 2-14-132(J) of the Municipal Code of Chicago, hereby requests a hearing to contest the impoundment of the above identified vehicle. The terms "impoundment" and "impounded vehicle" also include a vehicle that was determined to be subject to impoundment because of code violation and that had a notice affixed to the window warning that the vehicle is subject to impoundment, regardless of whether the vehicle was actually towed to a city facility. The term "owner" or "owner of record" includes the record title holder of the vehicle or lessee of the vehicle on the date of impoundment.

If you received an Owner Notification form and you are not the current owner of the vehicle because you sold, disposed of, or donated the vehicle, prior to impoundment or seizure, please fax documentation of vehicle transfer, along with a copy of this Notice and signed Request for Hearing form to (312) 742-8248. Please call (312) 742-8422 for further assistance.

PLEASE TAKE NOTICE, ONLY THE OWNER OF RECORD (OR LESSEE) MAY REQUEST A HEARING.

A Request for Hearing must be filed by mail or in person (Monday through Friday, 9:00am to 4:00pm) with the Department of Administrative Hearings, Municipal Hearing Divisions, Vehicle Impoundment Section, 740 N. Sedgwick, 2nd Floor, Chicago, Illinois 60654 within fifteen (15) days of the date the owner notification was mailed by the City. An owner of record who files a timely Request of Hearing form will be notified of the hearing date and time by mail.

If the owner of record requests a hearing but fails to appear at the hearing or fails to request a hearing within fifteen (15) days, the owner of record shall be deemed to have waived his or her right to a hearing and a default finding of liability shall be entered. If you have already paid to redeem your vehicle and do not appear at a scheduled hearing, a default finding of liability will be entered in the amount paid to redeem the vehicle. If the vehicle remains impounded at the time of default, the default judgment shall include the amount of the administrative penalty prescribed for the violation, plus towing and storage fees, if applicable.

Any vehicle that remains in the pound more than ten (10) days after the expiration of time during which the owner of record may seek judicial review of a finding of liability under Section 2-14-132(J) of the Municipal Code of Chicago may be deemed unclaimed and the vehicle and its contents may be disposed of by the City.

Date:_____                                  _____
                                                                              Owner of Record

DEPUTY COMMISSIONER
BUREAU OF TRAFFIC SERVICES
312-746-4954 (TDD: 312-744-2971)

DOA1 - Order

(1/00)



# IN THE CITY OF CHICAGO, ILLINOIS
## DEPARTMENT OF ADMINISTRATIVE HEARINGS

**CITY OF CHICAGO**, a Municipal Corporation, Petitioner, )
                  v. )
                       )

Baker, Cheryl L. )
14919 S EVERS )
DOLTON, IL 604192601 )
      and )
McDuffie, Daniel )
9615 S BELL AVE )
CHICAGO, IL 60643 )
                   , Respondents. )

Address of Violation:
727 E 111th Street

Exhibit C

Docket #: 18VP003887

Issuing City
Department: Streets and Sanitation

---

### FINDINGS, DECISIONS & ORDER

This matter coming for Hearing, notice given and the Administrative Body advised in the premises, having considered the motions, evidence and arguments presented, IT IS ORDERED: As to the count(s), this tribunal finds by a preponderance of the evidence and rules as follows:

| *Finding* | *NOV#* | *Count(s)* | *Municipal Code Violated* | *Penalties* |
|---|---|---|---|---|
| City non-suit | 2845070 | 1 | 9-80-220   Altered Temp Tag | $0.00 |

**Sanction(s):**

| | |
|---|---|
| Storage Fee | $0.00 |
| Tow Fee | $0.00 |

Vehicle shall not be released if held pursuant to any law, court order, warrant or police investigation that has not been released. If there is no hold in effect, Respondent has 5 days from the date of this order to retrieve vehicle from the pound or additional storage fees may accrue. However, once you have obtained your receipt to redeem your vehicle, you must redeem it on the same date.

**Admin Costs:** $0.00

**JUDGMENT TOTAL:** $0.00

**Balance Due:** $0.00

ENTERED;    _L. Trinkla_                    69         Apr 5, 2018
               Administrative Law Judge                  ALO#          Date

**This Order may be appealed to the Circuit Court of Cook Co. (Daley Center 6th Fl.) within 35 days by filing a civil law suit and by paying the appropriate State mandated filing fees.**

**Pursuant to Municipal Code Chapter 1-19, the city's collection costs and attorney's fees shall be added to the balance due if the debt is not paid prior to being referred for collection.**



*Exhibit*
*—D*



**OFFICE OF THE SECRETARY OF STATE**

SPRINGFIELD, ILLINOIS 62756

**JESSE WHITE**
SECRETARY OF STATE

April 19, 2018

Daniel McDuffie
1139 W Vermont Avenue
Calumet Park, IL 60827

RE: State of Illinois Title

To Whom It May Concern:

This letter is regarding the 2006 Ford Mustang with vehicle identification number 1ZVFT80N665154281.

According to our records the 2006 Ford Mustang with vehicle identification number 1ZVFT80N665154281 is titled to Daniel McDuffie residing at 1139 W Vermont Ave Calumet Park, IL 60827. It was titled in the state of Illinois on March 22, 2018. A copy of the title file is enclosed.

The Office of the Secretary of State does not make the determination of your responsibility for the violations or the amount owed for the violations.

You will need to contact proper authority and provide them with a copy of this letter, as well as, any additional information that you may have regarding this issue. They will make the final determination of your responsibility for the violations.

This letter may be presented to any jurisdiction or court of law as verification of the records of the Office of the Secretary of State.

Should you have additional questions, you may contact the Automation Technical Support Division at 217-782-7614.

Ernie Dannenberger, Director
Vehicle Services Department

ED/sk

VSEC SA
MCDUFFIE DANIEL

1139 W VERMONT AVE
CALUMET PARK          60827
COOK        REBUILT
NO DL INFO         NO DL INFO
DOCUMENT: 8106086924 0847388940 0847388940 6514200805 8002264898

TO VIEW REGISTRATION RECORD ENTER Y   Y

VIN:   1ZVFT80N665154281      1       BLK/BLK
2006 FORD          MUSTANG           COUPE
                   DLR RA0513        GASOLINE

PUR DT: 03-05-18            USED   MHSF:
         MILEAGE NOT REQUIRED

| CURR #: | 18081692790 | 7 |     | 405 | 03-22-18 |
|---------|-------------|---|-----|-----|----------|
| SURR #: | 16354/51002 | 1 | IL  | 480 | 12-19-16 |
| PREV #: | 16327634117 | 1 | REV 405 | 11-22-16 |
|         | 16123694339 | 5 | IL  | 405 | 05-02-16 |
|         | LEGAL       |   | AO  |     |          |
|         | X6137690454 | 7 |     | 405 | 05-17-06 |
|         | MCO         |   |     |     |          |

V DATE 03-07-18      MACH ID   TZ
ACT-DT 03-22-18      SERIAL 6117
TS-1 1   TS-2 0      AUDITOR ELS
DATE OF RECEIPT     03-05-2018

## TITLE INFORMATION



RI
26

APR 1 9 2018

# FAX TRANSMITTAL SHEET

## CHICAGO EAST VEHICLE SERVICES DEPARTMENT
100 W RandolphStreet
Chicago, Illinois 60601
(312) 793-1838 - Fax

DATE: _4-12-18_

TO: _JOEY_

FAX NUMBER: _____

FROM: _MARY ANN - CHGO EAST_

PHONE NUMBER: _313-814-4977_

NUMBER OF PAGES INCLUDING COVER: _5_

MESSAGE: _Car impounded - City wants to know who the last owner is._

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any

| | |
|---|---|
| Result | OK |
| Sheets | 5 |
| Call Length | 00.50 |
| Start Time | 04/12 11:28 AM |
| Name | |
| Address | 9121752401Z1 |
| Job No. | 3799 |

Sending is complete.

```
****************************************
***          Send Results           ***
****************************************
```

04/12/2018 11:29 AM FAX 13127931838          CHICAGO EAST          P.0001



**Secretary of State**
**Record Inquiry Section**
501 S. Second St., Rm. 408
Springfield, IL 62756-8888
217-785-3000
217-524-0122 (fax)
www.cyberdriveillinois.com

# Secretary of State
## Information Request Form

Please make sure you have signed, dated,
entered a code, enclosed the proper fee
and stated a reason for your request.
Mail completed form to the address at left.

This space for use by
Secretary of State.

---

### Section I: Business Name (if applicable) and/or Your Name and Mailing Address

DANIEL MC DUFFIE
_Requester Name_

9139 W. Vermont
_Address_

Calumet Park 60827
_City/State/ZIP_

773-720-0715
_Daytime Telephone Number_

Business Name (if applicable)

M-231-1606-6003
_Driver's License Number_

---

### Section II: Requested Services (check appropriate boxes)

☑ Title Search — $5 each   ❏ Registration Search — $5 each   ❏ Certified Title — $10 each   ❏ Certified Registration — $10 each

The proper fee must be enclosed for each search. Please make check or money order payable to Secretary of State. If copies are required for a court appearance, the records MUST be certified. This form cannot be used to obtain a Duplicate Title. The Duplicate Title fee is $95, and an Application for Vehicle Transaction(s) (VSD 190) must be completed in full. Visa, Mastercard, American Express and Discover credit cards are accepted (processing fee applies). Please complete the credit card payment information.

Credit Card Number: ▓▓▓▓▓▓▓▓▓▓▓▓   Expiration Date: _____

---

### Section III: Provide as much of the following information as possible to assist in processing your request. (If the request pertains to a Chicago Parking Violation, submit a copy of the notice.)

Vehicle Year: 2006   Vehicle Make: Ford   Title Number: _____   VIN: 1ZVFT80N665154281

Plate Category:   ❏ Passenger   ❏ B-truck   ❏ Other (specify) _____

Owner Name and Address: (if known) _____

License Plate Number: _____   Plate Year(s): _____

---

### Section IV: Complete the front and back of this form and indicate a code(s) below. (Both sides must be completed.)

I am requesting Secretary of State information based upon a permissible use(s) as provided for in the Driver Privacy Protection Act (18 U.S.C. sec. 2721 et seq.)

Code Letter(s): _____   Reason(s) for requesting the record(s) (required): _____

---

### Section V: Affirmation of Requester

I affirm that any information provided by the Illinois Secretary of State is allowable under provisions of the DPPA as indicated above. I understand that using the information provided pursuant to this request for any use other than indicated on this document may be a violation of state and federal law. I also understand that releasing personal information to unauthorized persons within or outside of the organization may be a violation of state and federal law. I am also aware that the Federal Driver Privacy Protection Act provides for civil and criminal penalties for those convicted of violating this Act, which may result in fines of up to $10,000. This affirmation shall apply to each and every record provided by the Illinois Secretary of State. Obtaining personal information under false pretenses is a state and federal crime.

I agree to inform all authorized users of the provisions and protections of the DPPA, and of the penalties and fines for violations of the same. Further, if there is a misuse of information or an information breach, I shall indemnify the Office of the Secretary of State and will be responsible for all associated damages, including the costs of notifying the affected persons of the information breach. Under penalties of perjury, I swear that the information given is true and correct.

X _____
_Signature and Date_

_____
Position in Organization (if applicable)

♻ Printed on recycled paper. Printed by authority of the State of Illinois. December 2015 — 2.5M — VSD 375.15

Secretary of State

4/12/18

TO Whom it may concern:

I Darrion McDuffie is requesting a title search For a 2006 Ford Austin that got impounded by the Police Dept. I had a hearing on April 5th, 2018 and my case was Dismiss at no cost for the impoundment. When I tried to Retrieve my car on that date. I was told by the Supervisor -(Adrian) at 400 w. Superior that I Need this information in order to get my car Release out of the pound. I purchase this car asis from a sales person on a vacant lot with other cars and had to go to 123rd s. Halsted to pay for the title and parts car that was not Driveable. Needed body and motor work. ; had it towed to My house. IF you Need Anything else from Me I can be Reached at 773-220-0715 or email Destiny Decorators inc@yahoo.com